UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Steven Kulkay,

                        Plaintiff,          Civ. No. 15-34 (RHK/TNL)
                                           **ORDER**

v.

Tom Roy, *et al.*,

                        Defendants.

---

       This matter is before the Court on Plaintiff Steven Kulkay's Objections (Doc. No. 23) to Magistrate Judge Leung's January 25, 2016 Report and Recommendation (R&R) (Doc. No. 22), recommending that Defendants' Motion to Dismiss (Doc. No. 15) Kulkay's Amended Complaint be granted. The Court has carefully reviewed *de novo* the Motion, the R&R, Kulkay's Objections, and Defendants' response thereto. See 28 U.S.C. § 636(b).

       In the R&R, Judge Leung determined that Kulkay failed to state a claim against officials of the state of Minnesota (and its Department of Corrections) in connection with injuries he sustained operating a beam saw in 2013, while incarcerated at the Minnesota Correction Facility – Faribault. Judge Leung noted that certain of Kulkay's claims were barred by Eleventh Amendment immunity; his Fourteenth Amendment claims failed because such claims could only be brought under the Eighth Amendment; and his Eighth Amendment claims failed because the individual Defendants were entitled to qualified immunity. (R&R at 4-21.) In his Objections, Kulkay challenges only the dismissal of his

Eighth Amendment claims.

Like Judge Leung, the undersigned sympathizes with Kulkay and the injuries he sustained, which will "present many challenges for the rest of his life." (R&R at 19.) Nevertheless, the Court agrees that the individual Defendants are entitled to qualified immunity. While it is somewhat uncertain whether Kulkay has adequately alleged a constitutional violation, given the state of the case law in the Eighth Circuit – including Stephens v. Johnson, 83 F.3d 198 (8th Cir. 1996), Choate v. Lockhart, 7 F.3d 1370 (8th Cir. 1993), Warren v. Missouri, 995 F.2d 130 (8th Cir. 1993), and Bibbs v. Armontrout, 943 F.2d 26 (8th Cir. 1991) – the Court does not believe it was clearly established in 2013 that the individual Defendants' conduct, assuming the truth of all of Kulkay's allegations, violated the Eighth Amendment. Indeed, Bibbs and Warren, two cases affirming the dismissal of Eighth Amendment claims by injured prisoners, are nearly on all-fours with this case.

To be sure, the Court recognizes that the Eighth Circuit has established an extremely high – perhaps *impossibly* high – bar for plaintiffs bringing claims like those alleged here. But it matters not whether this Court agrees with the Eighth Circuit; even if all the cases recited above were wrongly decided, that would not (and could not) alter the conclusion that it was not clearly established in 2013 that the individual Defendants' conduct, assuming it occurred as alleged, was unlawful. As a result, they are entitled to qualified immunity.[1]

---

[1] Kulkay also argues he is entitled to discovery before his claims are dismissed. (Objections at 6-13.) The Court disagrees, for the reasons stated above and by Judge Leung. (See R&R at 20.)

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1. Kulkay's Objections (Doc. No. 23) are **OVERRULED**;

2. The R&R (Doc. No. 22) is **ADOPTED** in its entirety; and

3. Defendants' Motion to Dismiss Kulkay's Amended Complaint (Doc. No. 15) is **GRANTED**.  Count I of the Amended Complaint (comprising the Eighth and Fourteenth Amendment claims) is **DISMISSED WITH PREJUDICE**, and Count II of the Amended Complaint (the vicarious-liability claim) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  February 29, 2016                          s/ Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge